CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
1/4/2018
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PAULINA CONNERY )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WINCHESTER MASSAGE, LLC t/a )<br>MASSAGE ENVY )<br>)<br>SERVE: )<br>Clifford Yu Davison ("Registered Agent") )<br>2980 South Columbus St., Apt. A2 )<br>Arlington, VA 22206 )<br>)<br>    and )<br>)<br>CHRIS GANOE )<br>)<br>SERVE: )<br>Chris Ganoe )<br>Massage Envy )<br>2638 S. Pleasant Valley Road )<br>Winchester, VA 22601 )<br>)<br>    Defendants. ) | Civil Action No. 5:18-cv-00002 |

## COMPLAINT

COMES NOW, the above-named Plaintiff, PAULINA CONNERY ("Plaintiff"), by counsel, and for complaint against the above-named Defendants, WINCHESTER MASSAGE, LLC t/a MASSAGE ENVY and CHRIS GANOE (hereinafter "WINCHESTER MASSAGE, LLC," "GANOE," and collectively "Defendants"), alleges and avers as follows:

### Introduction

1. Plaintiff has instituted this action to redress violations by Defendants of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") including Defendant WINCHESTER MASSAGE, LLC'S failure to pay overtime pay due to Plaintiff, as well as Defendants' wrongful termination of Plaintiff, due to her refusal to engage in a criminal act. Specifically, Plaintiff was terminated because she refused to follow Defendants' instructions to give customers and/or state investigators false information about the licensure of her co-workers, which constitutes obtaining money by false pretenses in violation of Virginia Code § 18.2-178.

## Jurisdiction and Venue

2. This action involves interpretation of the FLSA. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because Plaintiff has raised federal claims under the FLSA.

3. This Court has personal jurisdiction over Defendants, due to Defendants' operation of and involvement in a business in Virginia, and therefore has sufficient minimum contacts with Defendants such that the exercise of jurisdiction comports with judicial notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendants conduct substantial, systematic, and continuous activity in this district and are subject to personal jurisdiction in this district, and because all of the acts underlying this lawsuit occurred in this district.

## Parties

5. Plaintiff is, and was at all times material hereto, a citizen and resident of the Commonwealth of Virginia, residing in Frederick County, Virginia.

6.     Plaintiff is informed and believes, and upon such basis alleges, that Defendant WINCHESTER MASSAGE, LLC is, and was at all times material hereto, a Virginia corporation doing business in this district in Winchester, Virginia.

7.     Defendant WINCHESTER MASSAGE, LLC operates a Massage Envy franchise located at 2638 S. Pleasant Valley Road, Winchester, Virginia 22601.

8.     Plaintiff is informed and believes, and on this basis alleges, that Defendant GANOE is the owner/manager of Defendant WINCHESTER MASSAGE, LLC, and at all times material hereto, acted as a principal and agent of WINCHESTER MASSAGE, LLC.

9.     Upon information and belief, Defendant WINCHESTER MASSAGE, LLC's annual gross volume of business at all relevant times was not less than $500,000.

10.    Upon information and belief, Defendant WINCHESTER MASSAGE, LLC has been, at all relevant times, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

## Statement of Facts

11.    Commencing on or about May 1, 2017, until August of 2017, Plaintiff was employed by WINCHESTER MASSAGE, LLC, in Winchester, Virginia.

12.    Plaintiff was paid an hourly wage of $25 to work as a Master Esthetician. At all times material hereto, Plaintiff had the proper training and licensure to work as a Master Esthetician in the Commonwealth of Virginia.

13.    Plaintiff regularly and routinely worked 6 days a week and averaged forty-five to fifty (45-50) work hours per week.

14.    Defendant WINCHESTER MASSAGE, LLC failed to pay overtime pay to Plaintiff for the time worked above forty hours per week, in violation of the FLSA.

15. Both Basic and Master Estheticians are licensed by the Virginia Board of Barbers and Cosmetologists ("VBBC"), a division of the Department of Professional and Occupational Regulation ("DPOR"). A Basic Esthetician is trained in administering certain skin treatments, including but not limited to: facials and facial masks; cleansing procedures; application of false eyelash and eyelash extensions; body masks, wraps, treatments, and scrubs; and aromatherapy. The DPOR requires 600 hours of coursework for a candidate seeking a Basic Esthetician's license.

16. In addition to the training that a Basic Esthetician receives, a Master Esthetician is also trained and licensed to perform certain advanced esthetic techniques and procedures, including but not limited to: lymphatic drainage; microdermabrasion and dermaplaning; and chemical exfoliation, including a wide range of chemical peels. The DPOR requires an additional 600 hours of coursework and training for a Basic Esthetician to acquire the licensure of a Master Esthetician.

17. The laws of the Commonwealth of Virginia require that a Master Esthetician's license is required to perform certain esthetic procedures, including microdermabrasion and chemical peels. If done improperly, these procedures can result in serious harm to patients, including severe burns to the skin, broken blood vessels in the upper layers of the skin, and severe scarring.

18. The laws of the Commonwealth of Virginia prohibit the practice of charging customers and receiving money in exchange for services performed, when the person performing the services lacks the proper licensure.

19. Shortly after beginning her employment with WINCHESTER MASSAGE, LLC, Plaintiff became aware that Meredith Smith ("Smith"), a co-worker and fellow employee of

WINCHESTER MASSAGE, LLC, was performing treatments on customers, such as chemical peels, that required a Master Esthetician's licensure.

20. Plaintiff did some research and discovered that Smith possessed only a Basic Esthetician's license.

21. Plaintiff approached WINCHESTER MASSAGE, LLC, through its agent and principal GANOE, and asked if he was aware that Smith did not possess the proper licensure to conduct advanced esthetic procedures on customers, including chemical peels, and that failing to abide by the law could result in civil and criminal sanctions.

22. Defendant WINCHESTER MASSAGE, LLC, through its agent GANOE, responded by instructing Plaintiff that, if a customer questioned Smith's credentials or training, Plaintiff was to falsely inform him that she conducted the advanced esthetic procedures herself, or that she instructed Smith on how to conduct the procedures properly, when she had in fact not done so.

23. Plaintiff refused to comply with GANOE's demands.

24. In conversations with other co-workers, Plaintiff discovered that GANOE had held out to other employees that Smith possessed a Master Esthetician's license when in fact he knew or should have known that she did not.

25. Plaintiff also learned that Smith had been unlawfully conducting chemical peels, microderm abrasions, and other advanced cosmetology procedures on customers, while employed by Defendant WINCHESTER MASSAGE, LLC.

26. On or about August 19, 2017, Plaintiff overheard co-worker Zoe Wilson ("Wilson") discussing how to conduct a pre-natal massage on a waiting customer. Upon

Plaintiff's knowledge and belief, Wilson similarly lacked the proper training and licensure to conduct a pre-natal massage.

27. Knowing that conducting pre-natal massage can be dangerous to the customer if done improperly, Plaintiff contacted GANOE (who was out of the office at the time) via text message and inquired whether he knew that Wilson was planning to conduct a pre-natal massage without the proper certification.

28. On or about August 23, 2017, GANOE called Plaintiff into his office. In this conversation, he accused Plaintiff of asking too many questions, told Plaintiff that she was not being a "team player," and informed her that he expected her to "step up to the plate" for the company. Specifically, he stated that if representatives of the DPOR were to walk in and conduct an investigation, Plaintiff was instructed to lie, and tell them that any advanced esthetic techniques were performed by her.

29. Plaintiff refused to engage in this unlawful behavior.

30. On or about August 25, 2017, Defendant WINCHESTER MASSAGE, LLC (through its agent GANOE) terminated Plaintiff.

### Count One

### Violations of the FLSA – Unpaid Overtime

31. The foregoing paragraphs are realleged and incorporated by this reference.

32. Plaintiff was not exempt from the overtime requirements of the FLSA during her time of employment with WINCHESTER MASSAGE, LLC.

33. WINCHESTER MASSAGE, LLC's actions and practices as described in this Complaint violate the FLSA by failing to compensate Plaintiff at the required overtime rate.

34. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered loss of income and other damages. Plaintiff is entitled to the amount of unpaid overtime wages, plus interest, as well as liquidated damages and attorney's fees and costs in connection with this claim.

## Count Two

### Wrongful Termination – Bowman Claim

35. The foregoing paragraphs are realleged and incorporated by this reference.

36. Defendant WINCHESTER MASSAGE, LLC's actions and practices as described in this Complaint violate Virginia Public Policy by terminating Plaintiff for refusing to engage in criminal conduct, namely obtaining money under false pretenses, which constitutes a violation of Virginia Code § 18.2-178.

37. As a direct and proximate result of WINCHESTER MASSAGE, LLC's willful, wanton, unlawful and tortious acts, Plaintiff has suffered loss of income, embarrassment, loss of reputation, and emotional distress, and other damages. Plaintiff is entitled to an award of prospective pay, plus interest, as well as compensatory and punitive damages in connection with this claim.

## Count Three

### Wrongful Termination – Individual Liability of Defendant Ganoe

38. The foregoing paragraphs are realleged and incorporated by this reference.

39. Defendant GANOE's actions and practices, as principal and Plaintiff's supervisor, as described in this Complaint violate Virginia Public Policy by terminating Plaintiff for refusing

to engage in criminal conduct, namely obtaining money under false pretenses, which constitutes a violation of Virginia Code § 18.2-178.

40. As a direct and proximate result of Defendant GANOE's willful, wanton, unlawful and tortious acts, Plaintiff has suffered loss of income, embarrassment, loss of reputation, emotional distress, and other damages. Plaintiff is entitled to an award of prospective pay, plus interest, as well as compensatory and punitive damages in connection with this claim.

### Prayer for Relief

WHEREFORE, the Plaintiff prays for judgment against Defendant as follows:

(a) Judgment against Defendant for violation of the Overtime provisions of the FLSA.

(b) Judgment that Defendant WINCHESTER MASSAGE, LLC's violation of the FLSA was willful.

(c) Judgment that Defendants' termination of Plaintiff is in violation of the public policy of the Commonwealth of Virginia.

(d) Judgement that Defendant GANOE is jointly and severally liable in his individual capacity for the wrongful termination of Plaintiff, in violation of the public policy of the Commonwealth of Virginia.

(e) An award of Plaintiff's unpaid overtime compensation owed, liquidated damages, and prejudgment interest on any unpaid overtime wages upon which liquidated damages were not assessed.

(f) An award of reasonable attorney's fees and costs;

(g) An award of lost prospective wages, plus interest, as well as compensatory damages in the amount of $200,000;

(h) An award of punitive damages in the amount of $350,000; and

(i) Such other damages and further relief as this Court deems just.

## Jury Demand

The Plaintiff demands trial by jury of all issues so triable.

Respectfully Submitted,

PAULINA CONNERY

By Counsel

Robinson J. Hubbard, Esq., VSB #91688
John B. Simpson, Esq. VSB #38759
MartinWren, P.C.
400 Locust Ave., Suite 1
Charlottesville, VA 22902
(434) 817-3100 (phone)
(434) 817-3110 (fax)
rhubbard@martinwrenlaw.com

*Counsel for Plaintiff* PAULINA CONNERY