IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PAULINA CONNERY ) | |
| ) | |
|     Plaintiff, ) | Civil Action No: 5:18-CV-00002 |
| ) | |
| v. ) | |
| ) | |
| WINCHESTER MASSAGE, LLC ) | |
| d/b/a/ MASSAGE ENVY ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | |

**JOINT MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF THE MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT**

I.  **INTRODUCTION**

Plaintiff Paulina Connery and Defendant Winchester Massage, LLC, (collectively the "Parties"), hereby request that this Court grant their Joint Motion and (1) approve the parties settlement of the Plaintiff's alleged overtime violation under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and (2) after Plaintiff's receipt of the settlement funds, dismiss this action with prejudice in its entirety at the conclusion of the approval process. The parties state as follows:

II. **STATEMENT OF THE CASE**

For purposes of this Joint Motion, the Parties, by their counsel, stipulate to the following: Winchester Massage, d/b/a Massage Envy, is part of a nationwide wellness franchise providing massage and skin care services. Ms. Connery began working at Winchester Massage as a Master Esthetician in May 2017 and was terminated in August 2017. As a Master Esthetician, Ms. Connery provided a variety of spa services including, but not limited to, massages, facials, microderms and chemical peels. Ms. Connery was paid at an hourly rate of $21.00, and later in

her employment, $22.50 for professional services provided. When Ms. Connery was not providing services to clients, she was "on-call" or paid "sitting time" at a rate of $12.00 per hour. Ms. Connery filed this lawsuit to state a claim for unpaid overtime wages in violation of the FLSA. In particular, Plaintiff claims that she "regularly and routinely worked 6 days a week and averaged forty-five to fifty (45-50) work hours per week." Ms. Connery claims that she was not compensated for the overtime purportedly worked. At all times, Defendant has vigorously contested the allegations raised by Plaintiff, and denies that it has committed any violation of law.

### III. THE SETTLEMENT

The Parties engaged in extensive good-faith negotiations to resolve Plaintiff's claim, subject to the Court's approval, and agreed to resolve the claim of Plaintiff for a certain amount, including attorney's fees. Under the Settlement Agreement ("Agreement"), in exchange for Plaintiff's execution of a release of all pending and future claims, Defendant agreed to make the settlement payments for purported unpaid wages and attorney fees to Plaintiff and her counsel.

The Agreement reflects a compromise between the Parties, with each party taking into account a wide range of possible outcomes. Further, the settlement allows Plaintiff to receive a guaranteed recovery in the short-term, without expending attorneys' fees and withstanding the course of litigation. Accordingly, in light of all the possible risk and delays associated with continued litigation, this Agreement provides Plaintiff with a reasonable and adequate recovery.

According to the terms of the Agreement, if the Court grants this motion, Defendant will process settlement checks to Plaintiff's counsel within the time frames set forth in the Agreement.

### IV. ARGUMENT

**A. The Settlement Is Fair and Reasonable, and the Court Should Approve It.**

A FLSA settlement should be approved if it embodies "a reasonable compromise over a *bona fide* dispute. *Patterson v. Richmond Sch. of Health & Tech., Inc*. No. 3:10-cv-368, 2010 U.S. Dist. LEXIS 124952, at * 1 (E.D. Va. Nov. 4, 2010) (internal citations omitted). "Court approval promotes the policy of encouraging settlement while protecting an employee's right under FLSA." *Id*. Settlements are permissible in the context of an FLSA lawsuit because litigation provides some assurance of an adversarial context in which employees are likely to be represented by an attorney who can protect their rights. *Howell v. Dolgencorp, Inc.*, No. 2:09-cv-41, 2011, U.S. Dist. LEXIS 5680, at * 2 (N.D. W.Va. Jan. 13, 2011). Indeed, "[t]here is a strong presumption in favor of finding a settlement fair that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 U.S. Dist. LEXIS 89129, at * 10 (E.D. Va. Sept. 28, 2009) (internal quotations omitted).

The court weighs the following factors when considering approval of a FLSA settlement: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits; and the amount of settlement in relation to the potential recovery. *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014).

### 1. The Extent of Discovery

The Parties engaged in a considerable amount of fact investigation, and exchanged personnel documents and payroll records of the Plaintiff. Further, the Parties conducted depositions and explored the various methods of calculating wages in this field. Thus, this factor weighs in favor of approval, as "it is clear that the Parties had adequate time to conduct sufficient

3

discovery to fairly evaluate the liability and financial aspects of [the] case." *Lomascolo*, 2009 U.S. Dist. LEXIS 89129, at * 11.

### 2. The Stage of the Proceedings, Including the Complexity, Expense and Likely Duration of the Litigation

In the absence of an approved settlement, the Parties would have continued to vigorously litigate the matter and were prepared to proceed to trial. This fact strongly supports approval of the settlement. *See Lomascolo*, 2009 U.S. Dist. LEXIS 89129, at * 11. (approving settlement when "[i]t was also clear that the Defendants intended to defend this action vigorously . . .") Further, the parties engaged in "informed arms-length settlement negotiations with the understanding that it would be a . . . costly undertaking to proceed to the trial of this case." *Id*. As such, the settlement should be approved.

### 3. The Absence of Fraud or Collusion in the Settlement and the Experience of Counsel who Have Represented Plaintiffs

It is without a doubt that the settlement was a result of arm's length negotiations conducted by counsel of both Parties. Counsel for both parties has experience litigating a myriad of claims in federal and state courts, and specifically FLSA claims. Thus, the expertise of counsel in litigating cases of this kind demonstrates that they were competent in offering their client sound legal advice, favoring approval of the settlement.

All of this demonstrates reasonableness and fairness, and the Agreement is absent of fraud and collusion. *Lomascolo*, 2009 U.S. Dist. LEXIS 89129, at * 10 (courts are entitled to rely on the judgment of counsel for the parties in performing the "balancing task" necessary to reach a settlement, and "absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel") (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975)); see also *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172, at *7 (E.D. La. Sept. 13, 2004))

4

(noting the "presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.")

### 4. The Probability of Plaintiffs' Success on the Merits and the Amount of Settlement in Relation to the Potential Recovery

In the instant action, in exchange for releasing her claims against Defendant, Plaintiff will receive a fair amount of compensation, inclusive of attorney fees and costs. This result is a very favorable outcome for Plaintiff. Contrasted with the certainty of settlement, there was significant uncertainty whether Plaintiff would prevail on the merits. Thus, continued litigation poses a significant risk to Plaintiff.

On the other hand, despite Defendant's vigorous approach to contest the allegations of Plaintiff, it believes that continued litigation will be protracted, expensive and contrary to its best interest. Defendant has devoted substantial resources and staff support to the defense of the claim and will be forced to do so in the absence of a settlement. Accordingly, Defendant believes that settlement is beneficial to resolve the disputes that exist between the Parties while shifting further company expenditures toward settlement.

## V. CONCLUSION

For the reasons stated above, the Parties believe that the settlement reached is a fair and reasonable compromise. The Parties respectfully request that this Court grant this Joint Motion for Approval of Fair Labor Standards Act Settlement Agreement, and upon notice by Plaintiff's attorney of receipt of the settlement funds, dismiss this action with prejudice.

Dated: May _____, 2019


WE ASK FOR THIS:

| | |
|---|---|
| /s/ Robinson J. Hubbard | /s/ Courtney R. Abbott |
| Robinson J. Hubbard (VSB #91688) | Courtney R. Abbott (VSB #82948) |
| John B. Simpson (VSB # 38759) | Brian Scotti (Bar #74510) |
| 400 Locust Ave., Suite 1 | 1300 I Street, NW, Suite 825 |
| Charlottesville, VA 22902 | Washington, DC 20005 |
| (434) 817-3100 (p) | (202) 399-1099 (p) |
| (434) 817-3110 (f) | (202) 800-2999 (f) |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 30th day of May, 2019 via the CM/ECF filing system upon:

/s/ Courtney R. Abbott
Courtney R. Abbott