CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
6/20/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PAULINA CONNERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:18-cv-00002 |
| ) | |
| WINCHESTER MASSAGE, LLC, *et al.*, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendants. ) | |

**<u>ORDER APPROVING SETTLEMENT AND FINAL ORDER OF DISMISSAL</u>**

The parties in this Fair Labor Standards Act case have advised the court that they have settled the case, and they have filed a joint motion for settlement approval. (Dkt. No. 57.) As the parties recognize, an FLSA claim typically cannot be settled without a determination by the court that the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

> When considering a motion to approve an FLSA settlement agreement, courts weigh a number of factors, including: (1) the extent of discovery that has taken place; (2) the state of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; and finally, (5) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Id*. at *1 (internal citation and quotations omitted). On June 19, 2019, the court held a telephonic hearing with the parties to discuss the terms of the settlement.

Based on the information set forth in the motion and the additional information provided at the hearing, the court finds that the settlement is a fair resolution of a legitimate dispute.

Plaintiff, who was employed by defendant for approximately four months, alleges that defendant did not properly pay her overtime wages because it did not include as compensable time the hours plaintiff spent in so-called "on-call time" or "sit time." Although she was paid for those hours (at a lower hourly rate than her typical wage), they were not counted toward any overtime computation. As the court explained at the hearing and as both parties acknowledged, there were significant questions about whether the challenged time was, in fact, compensable under the FLSA. There was also uncertainty about the number of hours plaintiff worked, given that her handwritten notes of her hours reflected that she worked more hours than reflected in the defendant's pay records.[1] The settlement amount reflected these uncertainties, as well as the uncertainties inherent in any trial, but nonetheless provided plaintiff with an amount that represents a good portion of what she would have received had she prevailed on all issues at trial. The settlement also included a separate payment for attorneys' fees and costs, payable to counsel.

Having considered the factors set forth in *Poulin*, the court finds that the terms of the settlement are substantively fair and reasonable, with plaintiff receiving a reasonable compromise of her claim. It is also a reasonable settlement on defendant's part, in that it spared it the expense of a jury trial and the inherent risks in a trial. All parties were represented by able counsel, and the court is convinced there was no fraud or collusion in the settlement.

Accordingly, the court finds that the joint motion for approval of the settlement is proper, and the motion (Dkt. No. 57) is GRANTED. In light of the settlement, moreover, this case is

---

[1] Plaintiff also may have been able to recover for liquidated damages in an equal amount to her damages, although not necessarily so. Though awarding liquidated damages is "the norm," *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997), a court may decline to award them "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]," 29 U.S.C. § 260. Here, based on what the court knows of the evidence, there is a significant possibility that liquidated damages would not have been awarded.

2

hereby DISMISSED WITH PREJUDICE.  The court will retain jurisdiction to enforce the terms of the settlement agreement for a period of thirty days from the entry of this order.

The Clerk is instructed to strike this case from the court's active docket and to send a copy of this order to counsel of record.

Entered: June 20, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge